

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00497-CV

| | | |
|---|---|---|
| Richard L. Vaughn | § | From County Court at Law No. 2 |
| v. | § | of Tarrant County (2009-072486-2) |
| | § | February 14, 2013 |
| Lake Country Property Owners Association, Inc. | § | Opinion by Justice Gabriel |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Gabriel



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00497-CV

RICHARD L. VAUGHN                                                    APPELLANT

V.

LAKE COUNTRY PROPERTY                                               APPELLEE
OWNERS ASSOCIATION, INC.

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On December 13, 2012, Appellant filed a notice of appeal, attempting to appeal an order that was signed on November 12, 2012. Appellant's request for findings of fact and conclusions of law was due on December 3, 2012, but was not filed until December 7, 2012. *See* Tex. R. App. P. 26.1.

---

[1]*See* Tex. R. App. P. 47.4.

On December 27, 2012, we sent Appellant a letter notifying him of our concern that we lacked jurisdiction over the case because it appeared that the notice of appeal was not timely filed. *See id.* We requested a response showing that the request for findings of fact and conclusions of law was properly addressed, stamped, and mailed by United States Postal Service to the proper trial court clerk on or before the due date. *See* Tex. R. Civ. P. 5; Tex. R. App. P. 9.2(b). We also stated that if the request had not been timely mailed, unless Appellant or any party desiring to continue this appeal filed with the court, on or before January 7, 2013, a response showing a reasonable explanation for the late filing of the notice of appeal, we would dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 10.5(b), 26.3(b). We have received no response.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b). A notice of appeal must be filed within thirty days after the judgment is signed, unless a party timely files a motion extending the deadline, such as a request for findings of fact and conclusions of law. Tex. R. App. P. 26.1. A request for findings of fact and conclusions of law must be filed within twenty days after the date the judgment was signed. Tex. R. Civ. P. 296. Under the "mailbox rule," a document sent to the proper clerk by first-class United States mail in a properly addressed and stamped envelope is

deemed timely filed if it is received not more than ten days late. Tex. R. Civ. P. 5.

In this case, Appellant did not file his request for findings of fact and conclusions of law until twenty-five days after the judgment was signed. Appellant has provided no evidence that the request should be deemed timely filed under the mailbox rule. Appellant's request was therefore untimely, and his notice of appeal was due December 12, 2012. Because Appellant did not file his notice of appeal until December 13, 2012, and because he has not provided a reasonable explanation for the late filing, his notice of appeal was untimely. We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  February 14, 2013

4